[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11879
Non-Argument Calendar
_____

Agency No. A075-892-415

JONAS VELASCO-ROJAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 20, 2019)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jonas Velasco-Rojas, a citizen of Mexico, illegally entered the United States in 1999. Almost a decade later, in 2008, he was served with a notice to appear for removal proceedings. The notice ordered him to appear for a hearing "on a date to be set at a time to be set." Once the time and date were set, he was notified.

At his hearing, Velasco-Rojas argued that he was eligible for asylum, protection under the Convention Against Torture, and withholding of removal. The immigration judge denied his requests for relief and ordered him deported. The Board of Immigration Appeals affirmed that decision. So did we.

In 2018 Velasco-Rojas moved to reopen his removal proceedings, contending that the immigration judge lacked jurisdiction over his case because the notice to appear did not include the date and time of the hearing. The Board denied his motion, holding that failing to state the time and date on the notice to appear could be cured by later informing the defendant of the time and date of his hearing. He petitions us to review the Board's final order.

We review de novo the Board's legal determinations. Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1195 (11th Cir. 2006). Our de novo review is informed by the deference articulated in Chevron, U.S.A., Inc., v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). Id.

Velasco-Rojas contends that the Board erred by finding the immigration judge had jurisdiction over his removal proceeding. He notes that the statute

2

governing the initiation of removal proceedings, 8 U.S.C. § 1229, requires a notice to appear for removal proceedings to state the time and date of the proceedings; otherwise the notice is ineffective. Pereira v. Sessions, 138 S. Ct. 2105 (2018). He also points to the regulation governing removal proceedings, 8 C.F.R. § 1003.14(a), which says that "jurisdiction vests" with the immigration court when the notice to appear is filed. Putting those two rules together, Velasco-Rojas argues that the time and date requirement is jurisdictional. And he concludes that the immigration court lacked jurisdiction over his removal proceedings.

After the parties submitted their briefs in this case, we issued an opinion clarifying that the time and date requirement imposed by 8 U.S.C. § 1229 and 8 C.F.R. § 1003.14(a) creates a claim processing rule, not a jurisdictional rule. Perez-Sanchez v. U.S. Attorney General, 935 F.3d 1148, 1154–57 (11th Cir. 2019). Because the time and date requirement is a claim processing rule, the immigration judge had jurisdiction over Velasco-Rojas.[1]

**PETITION DENIED.**

---

[1] Velasco-Rojas does not argue in his briefs before us that the notice to appear violated a claim processing rule. But even if he did, we could not consider it here. Allegations that an agency violated a claim processing rule must be exhausted before the agency. Perez-Sanchez, 935 F.3d at 1157. He did not raise that argument before the immigration judge or the Board. So we do not have jurisdiction to consider it here. Id.